PEOPLE EX REL. ELLIS P. FRAZER v. WAYNE CIRCUIT JUDGE.

*Appeals from probate.*

Probate proceedings to determine the status of a will, whether in the probate or the circuit court, are summary and statutory, and are not to be regarded as contentious litigation between parties.

All appeals from the probate of the same will are directed to the sole issue of its validity, and therefore belong together and are indivisible. Appellants are all bound alike by the rulings in the probate proceedings.

MANDAMUS. Submitted June 18. Denied June 21.

*Henry M. Duffield* for the writ.

CAMPBELL, C. J. Two several appeals having been taken from the allowance and probate of the will of Alexander D. Fraser, deceased, the circuit court required them to be consolidated. A mandamus is now sought to rescind this order of consolidation.

In our opinion the action of that court was proper from abundant caution but it was entirely unnecessary, as the case was a single one and not capable of division. The proceedings in the circuit are precisely like those in the probate court,—statutory prerogative proceedings to determine the *status* of a dead man's estate, and in no sense to be regarded as contentious litigation *inter partes*. The laws of this State have always very justly permitted the next of kin to be heard against the probate of a will, but their right to be so heard depends entirely on the statute. There are many cases where probate proceedings are conducted with little if any provision for notice to the world, and it is for the legislature to determine as it chooses the course and conditions of testacy and intestacy. The steps provided for settling such matters, although following in this State many of the analogies of judicial proceedings, are summary and

statutory in their nature. It was held in *Allison v. Smith*, 16 Mich., 405, which discusses several considerations relevant to this motion, that the probate of every will, whether in the original or appellate tribunal, must always be single and complete in one hearing. It would be absurd to have such proceedings severed, so that a will might be held good as to one class of contestants and bad as to another. No matter how many different persons appeal, they can only raise one issue and there can be but one trial of that issue, which is to determine the question of will or no will. That is the only issue that can be raised and the only one to be decided. Its decision may involve, as all other issues may involve, several subordinate facts, but they are not independent facts and cannot be presented separately. There can be no such thing as a determination of testacy or intestacy which binds one appellant and does not bind the rest. The controversy—or more properly the proceeding, for it is not, correctly speaking, a controversy—includes all interests that the law recognizes for any purpose and binds all.

Considering as we do that all of the several claims of appeal are merely appearances in a single and indivisible proceeding, we think it cannot be severed for any purpose.

The writ is denied.

The other Justices concurred.