## FRASER *v.* JENNISON.

A paper writing purporting to be the last will and testament of A., wherein certain persons are named as executors, was by them offered for probate. They were citizens of Michigan, as were the contestants, with the exception of two, who, by reason of their citizenship, prayed for the removal of the cause to the Circuit Court. *Held,* that the cause was not removable, as it involves no controversy wholly between citizens of different States.

ERROR to the Circuit Court of the United States for the Eastern District of Michigan.

The case is stated in the opinion of the court.

*Mr. Henry M. Duffield* and *Mr. Edwards Pierrepont* for the plaintiffs in error.

*Mr. William Jennison, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

William Jennison, William A. Moore, William Adair, and John Pettie, filed in the Probate Court of Wayne County, Michigan, a paper purporting to be the will of Alexander D. Fraser, and appointing them his executors, and asked that it be admitted to probate. The court appointed a time and place for the hearing, and gave the general notice required by law to all persons interested. In due time Ellis Fraser, Alexander Fraser, Elizabeth Calvin, Sophia Redden, Mary Calvin, Francis P. Fraser, and John Fraser, his heirs-at-law, appeared and jointly gave notice of their intention to contest the probate, "on the grounds that the said Alexander D. Fraser was not, at the date of the alleged execution thereof, of sound mind and memory; that he, at that time, did not have mental capacity to make a will; that the said paper was procured to be executed by undue influence, and that the same was not executed and attested in the manner required by said statute." Alexander Fraser was a citizen of Illinois, and Francis P. Fraser a citizen of Iowa. All the other contestants were citizens of Michigan, as were the persons named as executors. At the time and place appointed the proponents and contestants appeared, and, after a hearing, the will was admitted to probate

and letters-testamentary granted to the former. By the laws of Michigan the order for the probate of a will, as long as it remains unreversed, is conclusive evidence of the due execution of the will. Comp. Laws Mich. 1871, p. 1374, sect. 4341. Any person aggrieved by such an order may, however, appeal to the Circuit Court of the county, by filing in time a notice to that effect with the judge of probate, with his reasons therefor, and also an appeal bond. Id., p. 1562, sect. 5216. Notice of the appeal must be given to the adverse party, and copies of the proceedings in the Probate Court filed in the Circuit Court. Sect. 5218. The latter court, after the case gets there, is required to " proceed to the trial and determination of the question according to the rules of law, and if there shall be any question of fact to be decided, issue may be joined thereon under the direction of the court, and a trial thereof had by a jury." Sect. 5220. The Circuit Court may make such order or decree as the judge of probate ought to have made, and remit the case to the Probate Court for further proceedings. Sect. 5226.

After the order admitting this will to probate was entered, Alexander Fraser and Francis P. Fraser, who were not citizens of Michigan, appealed to the Circuit Court, as did also the other contestants. The two appeals were in form separate, but they were taken at the same time and on the same grounds. They were filed in the Circuit Court together, and the same order was entered in both for allegations of objections to the will and for notice to the proponents. Under this order the same issues were joined at the same time in both appeals, and the appellants in both demanded jury trials. The papers filed in the two appeals were substantially copies of each other, except as to the names of the appellants.

As soon as the issues were joined, Alexander Fraser and Francis P. Fraser, citizens of States other than Michigan, filed their petition for a removal of the cause to the Circuit Court of the United States for the proper district. In their petition for removal they made no reference to any other contestants than themselves, nor to any other appeal than their own. The State court refused the removal, and thereupon the petitioning appellants filed in the Circuit Court of the United States a copy of

the record of the Circuit Court of the State, so far as it related to them, but which failed to show that any persons except themselves had united in the contest. The cause having been docketed in the Circuit Court of the United States, the proponents of the will appeared and moved to remand, filing with their motion an affidavit showing that the record presented by the petitioners was defective. The court thereupon issued a *certiorari* to bring in the whole record, " including the record of all the appeals taken from the order of the Probate Court . . . admitting the will to probate, by whomsoever instituted." In obedience to the command of this *certiorari*, a copy of the whole record was certified to the Circuit Court of the United States, and the foregoing facts appearing therefrom, the order to remand was granted. From that order Alexander Fraser and Francis P. Fraser brought this writ of error.

The objections to the removal insisted on here are : —

1. That a proceeding in a State court for the probate of a will is not removable ;

2. That if such a proceeding is removable, the application in the present case should have been made to the Probate Court prior to the hearing there, and that it comes too late after the appeal from that court to the Circuit Court of the State ; and,

3. That the requisite citizenship of the parties does not exist.

In the view we take of the case it is necessary to consider only the last of these objections.

In Michigan, on an appeal from the order of a Probate Court admitting a will to probate, there is but one main issue, to wit, " whether the paper propounded is or is not a will. There may be more or less minor issues included, but they all belong to the same inquiry, and cannot be presented separately.". *Fraser* v. *Wayne Circuit Judge*, 39 Mich. 198; *Hathaway's Appeal*, 46 id. 326. The only thing the Appellate Court can do is to determine the main issue, and certify its judgment to the Probate Court.

The contest in this case was begun by citizens of Michigan jointly with citizens of Illinois and Iowa against other citizens of Michigan. There was but a single proceeding, and that between all the contestants on one side, and all the proponents

on the other.    There was but one judgment, and that against all the contestants.    From the very nature of the proceeding there could have been no other.    The contestants must either all succeed or all fail.    They were all heirs-at-law, and whether the will was established or set aside, it would affect them all alike and in the same right.

Neither was the position of the parties or the nature of the contest changed because two appeals were taken by the contestants instead of one.    By the operation of the two appeals the controversy was transferred from the Probate to the Circuit Court, and it stood in the Circuit Court just as it did in the Probate Court, with all the contestants actively participating in the contest on one side, and all the proponents on the other.    It is unnecessary to consider what would have been the effect of an appeal by the citizens of Illinois and Iowa alone, for the citizens of Michigan were not content to leave the case in that position, but followed it to the Circuit Court themselves in the character of appellants.    Unless, therefore, there was in the proceeding, as it stood in the Circuit Court of the State, a separate controversy which was wholly between citizens of different States, and which could be fully determined between them, there could not, according to the rule established in *Removal Cases*, 100 U. S. 457, and *Blake* v. *McKim*, 103 id. 336, be any removal to the Circuit Court of the United States under the act of March 3, 1875, c. 137.

But the plaintiffs in error insist there was such a separate controversy, and that they were entitled to a removal under the rulings in *Barney* v. *Latham*, id. 205.    To this we cannot agree.    As has already been seen, the contest when begun was joint, and presented but one issue for trial.    To entitle a party to a removal under the second clause of the second section of the act, there must exist in the suit a separate and distinct cause of action, on which a separate and distinct suit might properly have been brought and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different States from those on the other. *Hyde* v. *Ruble*, 104 id. 407.    To say the least, the case must be one capable of separation into parts, so that, in one of the parts, a controversy will be presented with citizens of one or

more States on one side, and citizens of other States on the other, which can be fully determined without the presence of any of the other parties to the suit as it has been begun. Such is not this case. As was said by the Supreme Court of Michigan in this very contest, when an application was made for a *mandamus* to compel the Circuit Court to set aside an order consolidating the two appeals, "The probate of every will, whether in the original or appellate tribunal, must always be single and complete in one hearing. It would be absurd to have such proceedings severed, so that the will might be held good as to one class of contestants, and bad as to another. No matter how many different persons may appeal, they can only raise one issue, and there can be but one trial of that issue which is to determine the question of will or no will. . . . There can be no such thing as a determination of testacy or intestacy, which binds one appellant and does not bind the rest. The controversy includes all interests that the law recognizes for any purpose, and binds all." For these reasons it was held that all of the several claims of appeal were merely appearances in a single and indivisible proceeding, which could not be severed for any purpose. The *mandamus* asked for was refused, the court remarking that the order for consolidation was entirely unnecessary, and undoubtedly made out of abundant caution. This seems to be conclusive of the question now under consideration. The contest was joint when it was begun. It was joint after the two appeals were taken, and is not separable for any purpose. Although, in form, separate issues were joined in the appeals, in reality they were but one, and were capable of but one trial.

The order remanding the cause is

*Affirmed.*