## PATCHIN *v.* HUNTER *et al.*

*(Circuit Court, E. D. Wisconsin. March 19, 1889.)*

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—JOINT PARTIES.
    Separate answers tendering separate issues interposed by defendants sued jointly do not create separable controversies, within the meaning of the removal acts.

2. SAME—NON-SERVICE OF JOINT DEFENDANT.
    Where, in a suit against a resident living within the district and a non-resident, the cause of action declared upon is joint, the non-service of process upon the resident does not change the character of the suit so as to entitle the non-resident to have it removed as for a separable controversy.

3. SAME.
    Nor is the jurisdiction of the federal court in such case aided by Rev. St. U. S. § 737, authorizing the court to entertain jurisdiction as to parties properly before it, notwithstanding the absence of necessary parties not inhabitants of, nor found within, the district where suit is brought, and providing that non-joinder of such parties shall not constitute matter of abatement or objection to the suit.

At Law. On motion to remand.

Action by M. B. Patchin against W. W. Hunter and John H. Parks, originally brought in the state court, and by defendant Parks removed to this court.

*Geo. P. Miller*, for plaintiff.

*W. H. Webster*, for defendant Parks.

Before GRESHAM and JENKINS, JJ.

JENKINS, J. The plaintiff, a citizen of Wisconsin, brought suit in the circuit court of Waupacca county, Wis., against the defendant Hunter, a citizen of, and resident within the Eastern district of Wisconsin, and

the defendant Parks, a citizen of 'the state of Michigan, to recover the amount of a promissory note for $3,200, alleged to have been made by the defendants as copartners under the firm name of Parks & Hunter. The record discloses that process was served on Hunter March 29, 1886, and on Parks October 12, 1886; the latter defendant duly pleading to the action denying the alleged copartnership and the execution by him of the note declared upon. The defendant Hunter made default. On the 4th of January, 1887, the defendant Parks presented his petition in the state court for the removal of the suit to this court, alleging a separable controversy between himself and the plaintiff. On January 20, 1887, the state court, by order, removed the suit into this court, where the record was docketed on the 22d day of April, 1887. The plaintiff now moves to remand the cause for want of jurisdiction in this court.

At the hearing there was conflict touching the fact of service of process upon the defendant Hunter; he denying service. Jurisdiction here does not hinge upon the fact of such service. This decision proceeds upon the postulate that, as claimed by the defendant, no process was served upon Hunter, the resident defendant.

The cause of action is joint. In such case there can be no separable controversy. Separate answers tendering separate issues interposed by defendants sued jointly do not create separable controversies. *Railroad Co.* v. *Ide,* 114 U. S. 52, 5 Sup. Ct. Rep. 735; *Railroad Co.* v. *Wilson,* 114 U. S. 60, 5 Sup. Ct. Rep. 738; *Starin* v. *New York,* 115 U. S. 248, 6 Sup. Ct. Rep. 28. At common law there could be no recovery against joint debtors until they were all, if living, summoned; or those not possible to be summoned were outlawed. To facilitate proceedings against joint debtors, the statute was enacted which provides that when process is served upon one or more, but not all, of the defendants prosecuted jointly, the plaintiff may proceed against those served, and, upon recovery, may enter judgment in form against all jointly indebted, enforceable against the joint property of all, and the separate property of the defendant served. Rev. St. Wis. § 2884. In such case provision is also made whereby the defendants not served may be subsequently summoned, and bound by the judgment. Rev. St. Wis. §§ 2795–2798. In *Putnam* v. *Ingraham,* 114 U. S. 57, 5 Sup. Ct. Rep. 746, it was ruled that an action against three defendants sued jointly, one of whom was a citizen of the same state with the plaintiff, could not be removed into the federal courts under the second clause of the second section of the act of March 3, 1875. There the two non-resident defendants had answered, denying joint liability; the resident defendant making default. The court, however, declared that a separate controversy is not introduced into the case by separate defenses to the same cause of action; that the default of the resident defendant was unimportant, the suit being still on joint causes of action, and the plaintiff was entitled, if to any relief, to a joint judgment against all the defendants. In *Brooks* v. *Clark,* 119 U. S. 502, 7 Sup. Ct. Rep. 301, a citizen of Pennsylvania sued a citizen of Pennsylvania and a citizen of New York as joint debtors in a state court of the former state, serving process only upon the resident defendant.

Upon default judgment was entered against both defendants, under the practice in that state. Afterwards the non-resident defendant voluntarily appeared, pleaded to the action, and procured a removal of the cause to the proper federal court. Upon a motion to remand it was urged that there was no longer any controversy between the plaintiff and the resident defendant, the judgment concluding their contention. The court ruled against the position taken, and held the federal court to be without jurisdiction to entertain the suit. So here the non-service of process upon Hunter cannot change the character of the suit. The cause of action declared upon is joint. If removable as for a separable controversy, the whole suit is here. *Barney* v. *Latham*, 103 U. S. 205. The judgment must be a joint judgment. There exists no more of a separable controversy because of non-service than in the case of a default or judgment following service. To constitute a separable controversy within the removal clause of the act of 1875 there must exist in the suit a separate and distinct cause of action on which a separate and distinct suit might properly have been brought, all the parties on one side of such separate controversy being citizens of different states from those on the other. *Hyde* v. *Ruble*, 104 U. S. 407; *Fraser* v. *Jennison*, 106 U. S. 191, 1 Sup. Ct. Rep. 171. Nor is jurisdiction aided by the provisions of Rev. St. 737, authorizing the court to entertain jurisdiction as to parties properly before the court notwithstanding the absence of necessary parties not inhabitants of, nor found within the district where suit is brought, and providing that non-joinder of such parties shall not constitute matter of abatement or objection to the suit. The statute is not applicable to the facts here. The defendant Hunter is confessedly an inhabitant of, and can be found within the district. He is therefore an indispensable party, and, being a citizen of the same state with the plaintiff, jurisdiction is defeated. *Ober* v. *Gallagher*, 93 U. S. 199. The cause will be remanded.

GRESHAM, J., concurs.