**NICCUM et ux. v. NORTHERN ASSUR. CO., Limited, et al.**

(District Court, D. Indiana, Ft. Wayne Division. January 8, 1927.)

**I. Removal of causes ⬥⟾43—Cause may be removed when, during its pendency, events occur which first render it removable.**

Where the original pleading does not present a removable case, but subsequent events make it plain that there exists a removable controversy between the original parties, removal may be made as soon as it appears.

**2. Removal of causes ⬥⟾52—Separable controversy does not arise where defendants are interested in separate parts of same subject-matter.**

Where defendants are interested in separate parts of the same subject-matter, no separate controversy is presented.

**3. Removal of causes ⬥⟾37—Court will realign parties according to their respective interests.**

The positions which the pleadings assign to the several parties to the record are not material, nor controlling on the question of removability; but the court will determine the real question at issue, and align the parties on the sides of that question according to their respective interests.

**4. Courts ⬥⟾321—Federal court has jurisdiction of suit between citizens of different states on one side and a foreign subject on the other (Judicial Code, § 24 [Comp. St. § 991(1)]).**

The provision of Judicial Code, § 24 (Comp. St. § 991[1]), giving to the District Courts jurisdiction of suits between citizens of a state and foreign states, citizens, or subjects, by fair intendment includes a suit between citizens of different states on one side and a foreign subject on the other.

**5. Courts ⟨⟩271—Suit by citizen against alien may be in any federal district where alien may be found or served.**

A citizen may sue an alien in any federal district where the alien may be found or served.

**6. Removal of causes ⟨⟩107(4)—Question of right of removal should receive very careful consideration, in view of denial to removing party of right of review (Judicial Code, § 28 [Comp. St. § 1010]).**

In view of the provision of Judicial Code, § 28 (Comp. St. § 1010), that no appeal or writ of error shall be allowed from the decision of a District Court remanding a cause removed, the question of the right of a party to remove the cause should be given very careful consideration.

**7. Removal of causes ⟨⟩41—Action against alien insurance company held removable by defendant.**

Citizens of Michigan brought an action in a state court of Indiana against a citizen of Indiana and a British insurance company for reformation of an instrument and for recovery against the company. The resident defendant filed a counterclaim against the company for an amount sufficient to give a federal court jurisdiction. *Held*, that the cause was removable by the insurance company.

At Law. Action by Lewis Niccum and wife against the Northern Assurance Company, Limited, and others. On motion to remand to state court. Denied.

Eichhorn, Gordon & Edris, of Bluffton, Ind., and John A. Kersey, of Marion, Ind., for plaintiffs.

Burke G. Slaymaker and Slaymaker, Turner, Merrell, Adams & Locke, all of Indianapolis, Ind., for the Northern Assur. Co., Ltd.

SLICK, District Judge. The original complaint in this action was filed in the Grant circuit court in the state of Indiana on May 8, 1925. On petition of the defendant the Northern Assurance Company, Limited, filed September 29, 1925, the case was removed to this court. The petition of the plaintiffs to remand the case to the state court is up for decision.

Plaintiffs, Lewis Niccum and Vesta Niccum, husband and wife, are citizens of Michigan. Defendant Arthur L. Swope is a citizen of Indiana, and defendants Joseph Schuman and Dorothy Schuman, husband and wife, are citizens of Illinois. Defendant the Northern Assurance Company, Limited, is a corporation and a citizen of Great Britain.

The complaint alleges that the plaintiffs, Lewis and Vesta Niccum, owned real estate which they sold to Joseph and Dorothy Schuman, who immediately mortgaged the property back to the plaintiffs jointly for $1,000 purchase money, stipulating in the mortgage to insure the property for the protection of

plaintiff's mortgage. The mortgage was recorded. Joseph and Dorothy Schuman then sold the property to defendant Swope, the deed of conveyance stipulating that Swope assumed the mortgage, but in this stipulation and by mistake the mortgage is described as a mortgage to but one of the plaintiffs. Swope, in compliance with his agreement assuming the mortgage, procured the insurance policy sued on in this action, with a mortgage clause attached, payable to one of the plaintiffs, according to the stipulation in the Schuman deed, but not in accordance with the mortgage contract for the insurance. A rider was attached to the policy of insurance, providing for the payment in case of loss to one of the plaintiffs of a portion of the insurance money as his interest may appear. There was a loss under the policy, and Lewis and Vesta Niccum sue for $1,500, and ask that the mistake in the assumption clause in said deed and the provision in the partial assignment of said insurance policy be corrected.

Defendant the Northern Assurance Company, Limited, appeared to said action in the state court and filed a demurrer. Thereafter defendant Arthur L. Swope appeared and filed a cross-complaint against the defendant the Northern Assurance Company, Limited, and summons on the cross-complaint was issued to the Assurance Company, returnable October 1, 1925. The prayer in the cross-complaint is for $7,000, and asks the court to determine the title to the proceeds of said insurance policy, and that the portion of the loss as evidenced by said mortgage be allotted to the person or persons lawfully entitled to the same, and for judgment against said Assurance Company.

[1] The plaintiffs alone make the motion to remand. Their first contention is that the motion to remove came too late. It should be noted in this connection that the petition to remove was not filed until a general appearance had been made and a demurrer to the complaint filed; but at the time of this general appearance by the defendant the Northern Assurance Company, Limited, and at the time of the filing of the demurrer, the demand in the complaint was limited to $1,500, and of course there existed no grounds for removal. However, when defendant Swope filed his cross-complaint, the sum total of the demands against the Northern Assurance Company was raised to $7,000, and this brought the sum or value well over the $3,000 required by the statute. Where the original pleading does not present a removable case, but subsequent events make it plain that there exists a removable controversy between the original par-

ties, removal may be made as soon as it appears. Foster's Federal Practice (6th Ed.) vol. 3, p. 2965.

Plaintiffs contend, further, that there was no removable ground, for the reason that there is not a separable controversy between citizens of different states; the Northern Assurance Company, Limited, being an alien corporation, and not a citizen of any state. As to the proposition, is there a separable controversy between the Niccums and Swope, or the Schumans? The Niccums are interested in recovering on the insurance policy filed as an exhibit in this action. Swope is interested in recovering upon the same policy. The Schumans are not in court, except that they have been named as defendants and publication has been ordered against them. They have not appeared; but, if they should appear, they would be interested in seeing that Swope and the Niccums recovered against the defendant Assurance Company.

[2] Where defendants are interested in separate parts of the same subject-matter, no separate controversy is presented. Foster's Federal Practice (6th Ed.) vol. 3, p. 2937. Certainly defendant Swope and the Niccums are interested in separate parts of the same subject-matter in this action, to wit, the money to be recovered on a judgment rendered against defendant the Assurance Company. If the Schumans are sufficiently served by publication to permit them to be defaulted in case they do not voluntarily appear, the question would arise whether they are necessary parties to this action. No judgment is sought against either of them. The only purpose the pleader had in making them parties was to reform a provision in the deed which they made to Swope, and to reform the assignment evidenced by the rider on the insurance policy, so that these instruments may be introduced in evidence at the trial.

On the question of separability, the rule is succinctly stated in Fraser v. Jennison, 106 U. S. 191, 1 S. Ct. 171, 27 L. Ed. 131, as follows:

"The case must be one capable of separation into parts, so that, in one of the parts, a controversy will be presented with citizens of one or more states on one side, and citizens of other states on the other, which can be fully determined without the presence of any of the other parties to the suit as it has been begun."

The case at bar does not fall within this class. It does not present any question that can be fully determined, or even tried, without the presence of defendant The Northern Assurance Company, Limited, a citizen of Great Britain.

By Act of March 3, 1911, designated as the Judicial Code (Comp. St. § 968 et seq.), the Circuit Courts were abolished and the jurisdiction of the District Courts enlarged. Authority for this is found in article 3, § 1, of the Constitution, which reads: "The judicial power of the United States shall be vested in one Supreme Court and in such inferior courts as the Congress may from time to time ordain and establish." Chapter 1 of the act to codify, revise, and amend the laws relating to the judiciary, called the Judicial Code, provides for the organization of the District Courts, chapter 2 defines the jurisdiction of these courts, and chapter 3 provides for removal of causes from state courts to the United States District Courts. It is chapters 2 and 3 of the Judicial Code, then, that must be examined to determine the question of the right of removal in this case.

Chapter 2, among other things not material here, provides that the District Courts shall have original jurisdiction in causes where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and is between citizens of a state and citizens or subjects of a foreign state. That part of chapter 3, § 28 (Comp. St. § 1010), pertinent to this inquiry, reads as follows:

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the District Courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district."

It should be remembered that the right to remove from a state to a federal court is purely statutory. No such right existed at common law. A careful reading of the above-quoted statute will disclose three general classes of cases where removal is permitted, not including the one involving local prejudice:

First. Any suit of a civil nature in law or equity arising under the Constitution or laws of the United States, or treaties made or to be made, of which the District Courts have original jurisdiction, may be removed by the defendant or defendants.

Second. Any other suit of a civil nature, at law or in equity, of which the District Courts are given jurisdiction by this title, now pending or hereafter brought in a state court, may be removed by defendant or defendants, being nonresidents of the state where the suit is brought or is pending.

Third. Where there is a controversy wholly between citizens of different states, which can be fully determined between them, either one or more of the defendants actually interested in such controversy may remove.

In either of the three instances above mentioned, the matter in controversy must exceed, exclusive of interest and costs, the sum or value of $3,000, and the defendant or defendants only have the right to remove.

This suit is of a civil nature at law, but it does not arise under the Constitution or laws of the United States, or any treaties made under such authority, and therefore does not come under the first class hereinabove mentioned. Being a suit of a civil nature, at law, and the defendant being a nonresident of the state in which the suit was originally brought, the defendant has the right to remove under the second class, if the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. The sum or value demanded by the plaintiffs against defendant, The Northern Assurance Company, Limited, in their original complaint, is $1,500. This sum demanded against the Assurance Company is increased, however, by the cross-complaint of defendant Swope, to a sum in excess of $3,000, exclusive of interest and costs.

[3] To determine whether the parties to the suit are real plaintiffs or real defendants, the courts pay very little attention to the positions of the parties as fixed in the pleadings. The positions which the pleadings assign to the several parties to the record are neither material nor controlling on the question of removability. The court will determine the real question at issue, and arrange or align the several parties on the sides of that question according to their respective interests, and if, after such alignment or realignment, it appears that diversity of citizenship exists and the amount in controversy is sufficient to bring the case within the statutory requirement, so as to entitle a party to remove the cause into the federal court, an order will be made for such removal.

Under the pleadings in this case, the plaintiffs, the Niccums, and Swope and the Assurance Company are the only parties to the contract of insurance. The Schumans had nothing to do with making that contract. While Swope is represented in the pleadings as a defendant, his active and beneficial interest under the policy sued on is opposed to any interest that the Assurance Company has. Both the Niccums and Swope are interested in seeing the policy enforced. Both are interested in having the court hold the policy valid. The Assurance Company is arrayed against them on both these propositions, and is interested in defeating any claim under the policy.

Actual interest, and not technical arrangement of the parties to a suit, is decisive. Evers v. Watson, 156 U. S. 527, 15 S. Ct. 430, 39 L. Ed. 520; Removal Cases, 100 U. S. 457, 25 L. Ed. 593; Pacific Ry. Co. v. Ketchum, 101 U. S. 289, 25 L. Ed. 932. Under these decisions, and many others not necessary to cite, it seems to be the settled law that the courts, in determining the question of removability, will not be bound by any arrangement or alignment fixed in the pleadings, but will look to the real contest between the parties for a determination of the question.

[4] Counsel for plaintiffs ingeniously argue that if the Niccums, citizens of Michigan, are aligned as plaintiffs with Swope, a citizen of Indiana, we then have two plaintiffs of different states suing defendant, an alien, and the case does not come within the purview of the statute, which provides for removal of a suit between citizens of a state and citizens of a foreign country. This question is not without difficulty. The language is "citizens of a state," and, if this language is to be given a narrow and restricted grammatical construction, the plaintiff is right and a casus omissus exists.

The Niccums could have sued the defendant alone, and Swope could have sued the defendant alone, because the statute providing that no action shall be brought against a person in any other district than that in which he is an inhabitant does not apply to an alien defendant, who may be sued in any federal district where he may be served with process.

Wind River Lumber Co. v. Frankfort M. A. & P. G. Insurance Co. (C. C. A.) 196 F. 340; Simpkins, Federal Practice and Pleading, p. 344.

[5] If an alien sues a citizen, he must bring the suit in the district and division of which the citizen is an inhabitant; but, if a citizen sues an alien, he may bring the suit in any jurisdiction where the alien may be found or where service may be had. If, then, either plaintiffs could have brought suit against defendant, an alien, in the district of Indiana, there seems to be no good reason why both could not have joined in the suit, and, if they could, then the case is removable on application of the alien, provided, of course, the jurisdictional amount is sufficient.

Roberts v. Pacific & A. Ry. & Navigation Co. et al. (C. C. A.) 121 F. 785, was a case quite similar to the case at bar. In that case the plaintiff was a citizen of the state of Washington, and one defendant was a citizen of the state of West Virginia, while another defendant was an alien corporation. Suit was brought in a superior court for the state of Washington and removed to the federal court. Motion was made to remand on the ground that it was not removable. This motion was denied. Circuit Judge Gilbert, speaking for the Ninth Circuit, said:

"It is true that the present case does not present a controversy which is wholly between citizens of different states, nor does it present one which is wholly between a citizen and subjects of a foreign state; but can it be said, in view of the fair intendment of the statute, that it is not a case in which there is a controversy between citizens of different states, or a controversy between a citizen of a state and a foreign subject? Considering the purpose of the act and the general scope of its provisions, we think its language should be construed as comprehending the present case. There is here presented a controversy between the plaintiff in error and each of the defendants in error. It is true that the latter are sued jointly, but notwithstanding that fact a controversy exists as to each. The act does not declare that the controversy shall be one wholly between citizens of different states. * * * The language so used in the statute indicates that, in the contemplation of Congress, a controversy might exist between citizens of different states which was not wholly between such citizens, but which might involve an alien jointly sued or jointly suing, and that such a case would be embraced in the comprehensive provision in which the jurisdiction of the Circuit Court is defined in the first section of the act above quoted."

[6] Another provision of the statute on removal, that has a peculiar significance and challenges the attention, is worded as follows:

"Whenever any cause shall be removed from any state court into any District Court of the United States, and the District Court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be immediately carried into execution, *and no appeal or writ of error from the decision of the District Court so remanding such cause shall be allowed.*" Comp. St. § 1010.

No doubt exists as to the right of defendant the Northern Assurance Company, Limited, an alien corporation, to remove in this case; but, if such a doubt existed, it should be resolved in favor of the right to remove, in view of the above-quoted provision in the statute. Every court should desire that a reviewing court shall have an opportunity to pass on a doubtful question. It is contrary to the spirit of our Constitution and laws, and repugnant to the sense of fair play so indelibly instilled in the American people, that a judge, who, after all, is a mere man, and subject to the same emotions, passions, and prejudices as other men, should have the right or desire to decide important questions affecting substantial rights of litigants without giving the party feeling aggrieved the right of appeal to some other and higher tribunal, and this should not and will not be done, except in extreme cases, where the necessity is plainly apparent.

In Boatman's Bank v. Fritzlen (C. C. A.) 135 F. 650, Judge Sanborn, of the Eighth Circuit, speaking on this subject, used the following pertinent and forceful language:

"For purposes deemed wise by the founders and conservers of this nation, the Constitution and the acts of Congress have granted to its citizens the right to the hearing, the trial, and the independent judgment of the courts of the United States upon certain controversies which arise between citizens of different states, and have intrusted to these courts the protection and preservation of that right. No sound reason occurs why those whose oaths and duty require them to enforce this Constitution and these laws, and to sustain and give effect to this valuable and important right, should resolve every doubt against the enforcement of the Constitution and the acts of Congress, and against the protection and exercise of the right.

"Experience, observation, the thoughtful consideration of the subject through many generations of men by publicists and states-

men, have produced a consensus of opinion throughout the civilized world that the final decision of grave issues should not be left to the court or judge who first hears or tries them, however learned, able, wise, and impartial he may be, but that those disappointed in the first decision should be permitted to invoke the judgment of other unprejudiced minds upon the righteousness of the conclusion. The elaborate system of appellate courts maintained in this and other nations is a demonstration of the existence and the prevalence of this opinion.

"Every conscientious judge, every thoughtful man, upon whom is laid the grave responsibility and the heavy burden of determining the rights of his fellows, rejoices in the thought, wherever such is the case, that his decision may be reviewed, and that, if erroneous, it will not work irreparable injustice to him whom he deems it his duty to defeat. When a case has been removed from a state to a federal court, and a motion to remand it is made, or when a motion to remove it is presented in the first instance to the federal court, the petitioner either has or he has not the right to the trial and decision of his controversy in that court. That right is of sufficient value and gravity to be guaranteed by the Constitution and the acts of Congress. If it exists, and the Circuit Court denies its existence, and remands or refuses to remove the suit, the error is remediless, and it deprives the petitioner of his constitutional right. If the right does not exist, and the court affirms its existence and retains the suit, the error may be corrected by the Supreme Court. An error that the aggrieved party may correct is less grievous than one that is without remedy. And the true rule is that motions to remand and for removal should be decided, not by the existence of doubts, but by the preponderance of the facts, the law, and the reasons which condition them, in view of the fact that the right to invoke the jurisdiction of·the federal court is a valuable constitutional right, and an erroneous affirmance of the claim to that right may be corrected by the Supreme Court upon a certificate of the question of jurisdiction, while an erroneous denial of the claim is remediless."

[7] To repeat, no doubt exists in this case of the right of the defendant, an alien corporation, to remove, for the reason that all the other parties in the case have interests adverse to the interests of the alien corporation, and are residents of different states, and more than the statutory sum is involved.

The motion to remand should be and is overruled.