**MILLIKEN v. TRANSCONTINENTAL OIL CO. et al.**

No. 1774.

District Court, D. Wyoming.

Feb. 23, 1928.

Dillon, Ellery & Spencer, of Cheyenne, Wyo., for plaintiff.

John R. Smith and F. E. Gregg, both of Denver, Colo., for defendant Transcontinental Oil Co.

KENNEDY, District Judge.

The above-entitled cause is before the court at the present time upon a motion to remand. The facts necessary to a consideration of the points involved are substantially as follows: That on the 26th of July, 1927, the plaintiff filed his petition in this cause in the District Court of the Second Judicial District in and for the County of Carbon in the State of Wyoming; that by the allegations of said petition it is set forth that the defendant company is a corporation organized under the laws of the State of Delaware and by virtue of the laws of the State of Wyoming is doing business in the State of Wyoming; that the plaintiff is a civil and mining engineer by profession, being familiar with geological structures and formations in the Rocky Mountain region; that the plaintiff in his professional capacity had at divers times prior to the 20th day of May, 1921, been employed by the defendant corporation to study and investigate geological structures; that prior to said date likewise the defendant Meyer was engaged in acquiring oil and gas leases in the Rocky Mountain region and was generally familiar with the oil business and the oil lands in such territory; that prior to said date the plaintiff and the defendant Meyer had been associated in obtaining and acquiring oil and gas leases, all of which was known to the defendant corporation; that on or about the date mentioned, the plaintiff and defendants entered into a joint adventure agreement whereby it was understood and agreed that the plaintiff and the defendant Meyer would continue their investigations and attempts to make discoveries of oil and gas structures and to secure and acquire them for the defendant corporation with the understanding that in any such ventures which should turn out to be profitable plaintiff and Meyer would receive out of the profits accruing to the defendant corporation a share of 17½ per cent each; that from said examinations and investigations discoveries were subsequently made which the defendant corporation took charge of, and concerning one of these structures the plaintiff was induced to

sign a contract under the representation of the two defendants that he was receiving an equal share with the defendant Meyer which was less, however, than the general contract called for; that plaintiff afterwards discovered that the two defendants had entered into an agreement by which the defendant Meyer received a much larger portion of the profits accruing from one of the enterprises jointly discovered by plaintiff and defendant Meyer, thereby defrauding plaintiff of his rights in the premises; that the plaintiff did not discover the alleged fraudulent acts on the part of the defendants until a short time before the action was instituted; that the prayer of the petition is for the setting aside of the agreement entered into between plaintiff and the defendant corporation and that the two defendants be required to account to the plaintiff in all matters concerning which plaintiff claims an interest in the joint adventures, together with other equitable relief; that on the same day said petition was filed a summons was issued which was thereafter returned by the sheriff of said county of Carbon showing, that after due and diligent search the defendants had not been found in Carbon county; that thereafter and on the 2nd day of August an alias summons was issued against the defendant corporation which thereafter and on the 8th day of August was served upon the designated agent of said corporation for service of process in the State of Wyoming; that on the 27th day of August and within the time allowed by statute, the defendant corporation filed its petition for removal to this court with the proper bond and notice, which was followed by an order of removal by the State District Judge on the 25th day of August, 1927; that by the terms of said petition it is set forth that the plaintiff is a citizen and resident of the State of Colorado, that the defendant Meyer is a citizen of the State of Wyoming and that the defendant corporation is a citizen of the State of Delaware; that the matter in controversy, exclusive of interest and costs, exceeds the sum of $3,-000; that the action is one of a civil nature for an accounting on an alleged profit contract; that the controversy between plaintiff and the defendant Transcontinental Oil Company is a separable one and that the joinder of the defendant Meyer is fraudulent and made for the purpose of defeating removal, which allegation is followed by certain averments of facts upon which said claim of fraudulent joinder is founded; that such allegation of facts summarized is to the effect that the same action was once before commenced in the State court and removed to this court and upon petition to remand, which was denied, the suit was dismissed by plaintiff without prejudice, the defendant Meyer not then being a party, but that said suit was to all intents and purposes the same suit as the present one; that in the suit which is here presented the defendant Meyer should be aligned as a party with the plaintiff; that the record discloses that the defendant Meyer has never been served with a summons nor was an alias summons issued in the State court against him, nor was any proceeding taken in the State court to effect a constructive service; that by the motion to remand on behalf of plaintiff it is set forth that no separable controversy within the contemplation of the act of Congress authorizing removal of causes exists; that there is no requisite diversity of citizenship and that the record fails to show that the defendant corporation was at the time of filing the petition for removal a nonresident of the State of Wyoming; that in answer to the petition for removal the plaintiff under oath denies the fraudulent joinder of defendant Meyer and alleges that the original action was dismissed because counsel for plaintiff upon making a more careful investigation found that Meyer was a party to said joint adventure agreement and had conspired with the defendant corporation to defraud plaintiff of his rights in the premises; and that at the hearing upon this motion to remand the petition in the original suit was offered in evidence by the defendant corporation and counsel for the plaintiff offered testimony tending to sustain the allegations of his answer to the petition for removal to the effect that the reason for making the defendant Meyer a party to the suit was that facts were discovered after a more complete investigation of the circumstances surrounding the transaction involved.

As this court understands the contention of counsel on behalf of the defendant corporation, in its attempt to sustain the jurisdiction of this court upon removal, three points are involved:

First, that the evidence is sufficient to sustain a finding of this court that there was a fraudulent joinder of the defendant Meyer for the sole purpose of defeating

the jurisdiction of this court upon removal. With this contention the court cannot agree. While the fact that the plaintiff had previously filed a suit not involving the defendant Meyer in the alleged joint adventure agreement, and this circumstance might upon the trial of the cause upon its merits tend somewhat to weaken or place a discount upon plaintiff's cause of action, it would be one circumstance only, and that would not be for determination here in the face of the positive averments of plaintiff's answer to the removal petition and the sworn proof offered in support thereof. After all, the petition in the suit here makes the defendant Meyer a party and in my opinion a necessary and indispensable party to the determination of the issues tendered by the plaintiff.

█ Second, the corporation defendant contends that because the action in the State court had not been commenced against the defendant Meyer either by service of a summons or a constructive service (if such service would be permissible in a case of this character), and in the absence of any proof in the record other than the certificate of the sheriff, that diligent effort had been made to obtain service upon the defendant Meyer that the cause standing in the State court at the time the petition for removal was filed, was against the defendant corporation alone and there being a diversity of citizenship between it and the plaintiff, the right of removal existed. I likewise cannot agree with the contention of counsel for the defendant corporation in this regard. While there may be cases which seem to use language which tend to support such a contention, an examination of them does not seem to be reassuring. One of the cases relied upon by plaintiff, while a district court case, has been frequently cited, is Patchin v. Hunter, C.C., 38 F. 51. The court there reviewed several decisions, including those of the United States Supreme Court, and the epitome of the court's decision is expressed in one sentence on page 53, of 38 F., which reads: "There exists no more of a separable controversy because of non-service than in the case of a default or judgment following service."

The cases cited by counsel for defendant and chiefly relied upon here, I think, may generally be distinguished. The case of Tremper v. Schwabacher, C.C., 84 F. 413, was one in which both defendants were nonresidents of the State in which the suit was initiated, but only one defendant was served. The court there held that the cause was removable by the defendant served. Manifestly the case was a removable one because all of the defendants were nonresidents and the court held that one defendant should not be defeated of his right because the plaintiff by process had not brought the other defendant in. The case of Carlisle v. Sunset T. & T. Co., C.C., 116 F. 896, was one in which the petition for removal alleged that one of the parties defendant who was a resident was not made such a party in good faith, which was equivalent to an allegation of fraudulent joinder. This allegation was not controverted in the motion to remand or otherwise, and being made upon oath it stood as a sustained allegation and the motion to remand simply raised the legal questions appearing upon the face of the record. Upon this state of the record the motion to remand was denied, the principle of the ruling being the same as this court indulged in the case of Kraus v. Chicago, B. & Q. R. Co., D.C., 3 F.2d 277. Dishon v. Cincinnati, N. O. & L. P. R. Co., 6 Cir., 133 F. 471, 472, as I read it, was decided upon the same basis. Galehouse v. Baltimore & O. R. Co., D.C., 274 F. 370, was a case in which certain members of a train crew in a negligence case were made codefendants with the railroad company, and the court held that under the doctrine of respondeat superior established by the courts of Ohio, the individual defendants who were operating the train at the time could not properly be joined with the principal defendant, the railroad company. I may be pardoned for mentioning in passing, that I made the same holding in the case of Kraus v. Baltimore & Q. R. Co., supra, upon the theory that the statute in Wyoming involving the same right of action having been adopted from Ohio after the courts of that State had construed it, was an adoption of the statute as construed until the courts of Wyoming had placed a different construction upon it. Nevertheless, the Court of Appeals reversed my decision upon the theory that a construction should be placed upon the statute of this State in the light of the United States Supreme Court decisions until the Supreme Court of Wyoming had itself spoken in the matter of construction. Diday v. New York, P. & O. R. Co., C.C., 107 F. 565, was a case where it was found that one of the defendants, a resident, was made such upon an erroneous theory and as

a matter of fact was in no sense a proper defendant.

The case most strongly relied upon, however, by counsel for the removing defendant, is Berry v. St. Louis & S. F. R. Co., C.C., 118 F. 911, the decision in which was written by Judge Hook (afterwards a Judge of our Court of Appeals), while sitting as a trial judge in Kansas. There the cause was removed and remanded. When the case came on for trial in the State court it appeared that one of the defendants, a resident, had not been served. The nonresident defendant appeared and moved that the plaintiff be required to elect whether she would dismiss as to the resident defendant or continue the cause for service. The plaintiff declined to do either, but requested that the cause proceed to trial as to the nonresident. The nonresident defendant thereupon presented its petition and bond for removal, and when the cause reached the Federal court Judge Hook held that the election of the plaintiff in the court below to proceed against the nonresident defendant alone operated as a severance of the controversy and entitled the nonresident defendant to removal. To give that case the greatest significance that it is entitled to as a standard for the disposition of the case at bar, it need only be said that this case has not yet reached the situation that appeared in the cited case, so that the plaintiff here could be held to have acted in such manner that he had chosen a severance of the controversy. It may arise, if in the State court the plaintiff desires to proceed to trial without securing service upon the individual defendant, but that is a situation which would have to be developed and passed upon later. And the plaintiff may yet secure service upon the defendant Meyer before trial is moved in the State court, if the cause is remanded. Even if brought in after trial it is still the same suit. Fletcher v. Hamlet, 116 U.S. 408, 6 S.Ct. 426, 29 L.Ed. 679.

My conclusion is, that the contention of counsel as to their second point cannot be sustained.

■ Third, counsel for the removing defendant contends that the status of this case is such that said defendant is entitled to removal within the meaning of that section of the statute relating to a separable controversy because the plaintiff and the two defendants are all residents of different states, and that therefore there is in this case a controversy which is wholly between citizens of different states. That section of the statute referred to is a part of Title 28, Section 71, U.S.C.A. (Judicial Code, Section 28), which reads: "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

There are some decisions of inferior courts which would seem to sustain this contention of counsel, seemingly upon the theory that it was not necessary to construe the statute that there must be two or more controversies. However, in the light of the decision by the Supreme Court in the case of Fraser v. Jennison, 106 U.S. 191, 1 S.Ct. 171, 27 L.Ed. 131, and others of a like import, I have been unable to satisfy myself as to the logic of the conclusion of such inferior courts. The opinion in the Fraser case, 106 U.S. on page 194, 1 S.Ct. on page 174, 27 L.Ed. 131, says: "But the plaintiffs in error insist there was such a separate controversy, and that they were entitled to a removal under the rulings in Barney v. Latham, 103 U.S. 205 [26 L.Ed. 514]. To this we cannot agree. As has already been seen, the contest when begun was joint and presented but one issue for trial. To entitle a party to a removal under the second clause of the second section of the act, there must exist in the suit a separate and distinct cause of action, on which a separate and distinct suit might properly have been brought, and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different states from those on the other. Hyde v. Ruble, 104 U.S. 407 [26 L.Ed. 823]. To say the least, the case must be one capable of separation into parts, so that, in one of the parts, a controversy will be presented with citizens of one or more states on one side, and citizens of other states on the other, which can be fully determined without the presence of any of the other parties to the suit as it has been begun. Such is not this case."

As I view the petition in this case, it is distinctively a cause of action against the two defendants in which they are vitually charged as joint tort-feasors. In

this respect it is a cause of action in which the plaintiff has the right to charge them jointly and severally, and if he elects to charge them jointly it is not within the province of this court to say that he shall be denied that right because he might have charged them severally. In addition, it is difficult to say how if the proven facts sustain the theory of plaintiff's bill, the controversy can properly be determined without the presence of defendant Meyer as an indispensable party. In consequence, the third proposition of the removing defendant cannot prevail.

For the reasons stated, the motion to remand will be sustained and an order entered remanding the cause to the State court.