## STEVENSON v. MELADY et al.

District Court, S. D. New York.
Dec. 6, 1939.

Regan & Barrett, of New York City, for plaintiff.

McCauley, Spiegelberg, Davis & Gallagher, of New York City (George A. Spiegelberg and Milton Goldman, both of New York City, of counsel), for defendant John C. Grier.

MANDELBAUM, District Judge.

This action was removed from the state court on the petition of John C. Grier, one of the defendants. The plaintiff moves to remand the action back to the state court.

The plaintiff predicates this motion upon three grounds. The first two are untenable and need not be discussed. Title 28 U.S. C.A. § 71, Morris v. E. I. Du Pont De Nemours & Co., 8 Cir., 68 F.2d 788; Des Moines Elevator & Grain Co. v. Underwriters' Grain Ass'n, 8 Cir., 63 F.2d 103; Chicago R. I. & P. R. Co. v. Martin, 178 U.S. 245, 247, 20 S.Ct. 854, 44 L.Ed. 1055.

The third ground presents a question which has often proven vexatious to the courts. The plaintiff claims that there is no separable controversy existing between himself, a citizen and resident of New York, and one of the defendants, John C. Grier, a citizen and resident of Michigan. If this contention is correct, this suit must be remanded to the state court.

Removal of actions from the state to the federal court on the ground of the existence of a separable controversy depends upon the case disclosed by the pleadings when the petition is filed. Here, the complaint consists of six causes of action against several defendants arising out of alleged agreements to employ the plaintiff to find a market for the sale of the stock of the Mueller Brass Company and F. L. Jacobs Company. In some of the transactions, the defendant Melady is the buyer and the defendant, John C. Grier (who removed this action from the state court) is the seller. It is claimed by the defendant, Grier, that the third and sixth causes of action state separable controversies between the plaintiff and Grier, hence the removal to this court was proper. The plaintiff, on the other hand, urges that a reading of the whole complaint rather than isolated portions therefrom reveals that all the transactions are interwoven and non-separable.

Cases on the question of whether a complaint states a separate controversy are legion and it will serve no useful purpose to review the authorities. Each case must of necessity depend upon its own facts. Suffice to say, however, that the general rule is the following. I quote from Simpkins Federal Practice, Revised Edition, p. 1027: "To justify removal of a separate controversy the whole subject matter must be capable of being finally determined and complete relief afforded without the presence of the others. (cases cited in footnote 7)".

See also 4 Hughes Federal Practice, Sec. 2366, p. 164; Fraser v. Jennison, 106 U.S. 191, 1 S.Ct. 171, 27 L.Ed. 131.

The sixth cause of action sets forth a claim in the nature of a quantum meruit for work done for the defendant, John C. Grier in finding a market for and selling securities of Mueller Brass Company and F. L. Jacobs Company. I am persuaded that the sixth cause of action states a separable controversy between plaintiff and Grier because I believe that this claim may be determined without the presence of the other defendants; that it arises out of a different duty and results in a separate liability. See Cray, McFawn & Co. v. Hegarty, Conroy & Co., D.C., 27 F.Supp. 93. In view of this ruling, the court finds it unnecessary to pass upon whether the third cause of action contains a separate controversy. The motion to remand to the state court is denied.

The defendants have, by a cross-motion, moved to dismiss the complaint in toto as to some of the other defendants, and parts thereof as to the other defendants. It becomes incumbent upon the court to pass upon this motion, since the motion to remand has been denied. I desire, how-

ever, to hear oral argument and counsel for the respective parties will communicate with my chambers for the purpose of setting a date for such argument.