**IRAOLA & CIA, S.A., Plaintiff,**

v.

**KIMBERLY–CLARK CORPORATION, Geo Med, N.A., J.N. Anderson, and George Semones, Defendants.**

**No. CIV.A.1:97–CV–1347–TWT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 22, 1998.

Edward Griffith, phv, Dombroff & Gilmore, Silvia Bolatti, phv, Bolatti & Associates, New York City, Kevin P. Race, Insley & Race, Atlanta, GA, for Plaintiffs.

James Andrew Lamberth, Troutman Sanders, Atlanta, GA, Thomas K. Cauley, Jr., phv, Tracey L. Kitzman, phv, Randall D. Lehner, nam, Sidley & Austin, Chicago, IL, Stephen Paul Fuller, Davidson Fuller & Sloan, Duluth, GA, for Defendants.

### ORDER

THRASH, District Judge.

This action is before the Court on the Plaintiff's Motion to Dismiss [Doc. 56–1] and Alternatively to Amend Complaint [Doc. 56–2], and Kimberly–Clark's Motion for Default Judgment on Counterclaim [Doc. 69–2]. For the reasons set forth below, the motions are granted.

### I. BACKGROUND.

Plaintiff filed this action in May, 1997. It arises out of a distribution agreement between Plaintiff and Kimberly–Clark Corporation in Argentina. In its Complaint, Plaintiff asserted jurisdiction by virtue of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2). Plaintiff is incorporated under the laws of Argentina. Defendants Semones and Anderson are citizens of the State of Georgia. Defendant Kimberly–Clark is a citizen of Delaware (its place of incorporation) and Texas (the location of its principal place of business). Defendant Geo–Med has never been served and is a fictitious company that does not exist.

In the Joint Preliminary Planning Report and Scheduling Order, Kimberly–Clark raised the issue of whether the Court had subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) where an alien is suing parties that are citizens of several states, as opposed to just one state. No motion to dismiss was filed by the Defendants challenging the Court's jurisdiction. Shortly before the expiration of discovery, the Plaintiff filed the pending Motion to Dismiss. It sought to voluntarily dismiss pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Defendants objected to the voluntary dismissal. Kimberly Clark has a pending Counterclaim for which there is no independent ground of jurisdiction. The Defendants have filed summary judgment motions. In a complete reversal of positions, Plaintiff now argues that the Court has no diversity jurisdiction and the Defendants argue to the contrary. At the Court's direction, both sides have submitted briefs on the jurisdictional issue.

### II. DISCUSSION.

#### A. DIVERSITY JURISDICTION.

Pursuant to 28 U.S.C. § 1332(a), this Court has diversity jurisdiction as to actions between:

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Plaintiff now contends that Subsection (a)(2) does not confer jurisdiction upon an action between an alien and citizens of different states. Plaintiff contends that Subsection (a)(2) should be read literally so that "citizens of a State" means citizens of a single State. Defendants counter with an equally literal interpretation of "citizens of a State" as meaning citizens of some State.

There is a surprising paucity of case law on this question. In *De Korwin v. First National Bank,* 156 F.2d 858 (7th Cir.), *cert. denied,* 329 U.S. 795, 67 S.Ct. 481, 91 L.Ed. 680 (1946) the Seventh Circuit declined to

accept the defendants' argument that the phrase "citizens of a State" meant that the "parties opposed to the alien must all be citizens of the same state." The court did not believe that this was a reasonable construction. "Such a holding would lead to harsh and unreasonable results." *Id.* 156 F.2d at 862. *See also Jaffe v. Boyles,* 616 F.Supp. 1371, 1374 (W.D.N.Y.1985). There are numerous other cases that have involved an alien on one side and citizens of different states on the other side where the issue has not been addressed or discussed. *See Mutuelles Unies v. Kroll & Linstrom,* 957 F.2d 707, 711 (9th Cir.1992); *Dullard v. Berkeley Assoc. Co.,* 606 F.2d 890, 893 (2d Cir.1979); *Jackson v. Heiser,* 111 F.2d 310, 312 (9th Cir.1940); *Galaxy Inv. Fund v. Fenchurch Capital Management, Ltd.,* No. 96 C 8098, 1997 U.S. Dist. LEXIS 13207, at *15 (N.D.Ill. Aug. 29, 1997); *Diatronics, Inc. v. Elbit Computers, Ltd.,* 649 F.Supp. 122, 125 (S.D.N.Y.1986); *Jaffe v. Boyles,* 616 F.Supp. 1371, 1374–75 (W.D.N.Y.1985); *Niccum v. Northern Assur., Co.,* 17 F.2d 160, 163 (D.C.Ind.1927); *see also China Nuclear Energy Industry Corp. v. Arthur Andersen, LLP,* 11 F.Supp.2d 1256, 1258 (D.Colo.1998); *Lavan Petroleum Co. v. Underwriters at Lloyds,* 334 F.Supp. 1069, 1071 (S.D.N.Y. 1971). The parties have not cited a single case accepting the argument of Plaintiff.

 One purpose of Subsection (a)(2) is to give foreign parties access to the Federal courts to protect them against any potential local prejudices in state courts. *Sadat v. Mertes,* 615 F.2d 1176, 1182 (7th Cir.1980). That purpose would be frustrated if joining plaintiffs from different states would defeat jurisdiction and prevent removal. Similarly, that purpose would be defeated if an alien plaintiff had to sue defendants from different states in separate suits in their states of citizenship in order to have access to the federal courts. Access to the federal courts would be effectively denied an alien in litigation with a corporation such as Kimberly–Clark that is a citizen of two states.

 Each of the Defendants is a citizen of "a State." The fact that the statute also uses the term "citizens of different States" in Subsections (a)(1), (3) and (4) does not have the determinative effect that Plaintiff suggests. In Subsections (a)(1) and (3), "citizens of

different states" refers to the usual diversity case where the opposing parties are of different citizenship. There is no rule of statutory construction that says that Congress may not achieve the same end using different words. In the context of Subsection (a)(2), it appears to the Court that "citizens of a State" includes "citizens of different States." To the extent that the Plaintiff's Motion to Dismiss is based upon lack of subject matter jurisdiction, it should be denied.

### B. MOTION FOR DEFAULT JUDGMENT KIMBERLY–CLARK'S COUNTERCLAIM

Kimberly–Clark has filed a Motion for Default Judgment on Counterclaim [Doc. 69–2]. In its Answer, Kimberly–Clark asserted a Counterclaim for $68,260.06, plus interest, representing the outstanding balance due on invoices for product shipped to Plaintiff. Plaintiff did not reply to the Counterclaim as required by Rule 7 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff is in default as to the Counterclaim. Fed. R. Civ. Pro. 55(d).

### C. VOLUNTARY DISMISSAL

Plaintiff has filed a Motion to Dismiss [Doc. 56–1] in which it seeks to dismiss this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Rule 41(a)(1) allows voluntary dismissal without prejudice by stipulation of all of the parties. Rule 41(a)(2) provides as follows:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. Pro. 41(a)(2). Kimberly–Clark objected to the dismissal because of the pen-

dency of its counterclaim. The counterclaim is for less than the jurisdictional amount. Therefore, there is no independent basis of jurisdiction. However, the Court has directed the entry of judgment in Kimberly–Clark's favor on the Counterclaim. Accordingly, it is no longer pending and Rule 41(a)(2) is no bar to voluntary dismissal. The Motion to Dismiss [Doc. 56–1] is granted. This action is dismissed without prejudice. All depositions and other discovery taken by the Defendants shall be admissible in any subsequent action between the parties.

## III. *CONCLUSION.*

For the Reasons set forth above, Kimberly–Clark's Motion for Default Judgment on Counterclaim [Doc. 69–2] is GRANTED. The Clerk is directed to enter Judgment in favor of Kimberly–Clark and against the Plaintiff in the principal amount of $68,260.06 plus interest and costs. The Plaintiff's Motion to Dismiss [Doc. 56] is GRANTED.