No. 2356.

## E. & T. J. FEIBLEMAN *v.* J. E. EDMONDS.

1. PLEADING.—Even admitting that a defendant to a suit instituted in Texas can not be brought into court under citation served in another State, yet if he appears and moves to quash the service of the writ, he thereby impliedly waives all other objections to the writ, not then urged. If the motion be sustained, its effect is only to abate the writ; it does not oper- ate a dismissal of the suit, and the plaintiff may have service of citation within the State if the defendant can be reached.

2. SERVICE.—When a citation or service thereof is quashed on motion of defendants, the case may be continued for the term; but the defendant will be deemed to have entered his appearance at the succeeding term of the court.    If the motion to quash is not acted on during the term, but is passed to another term without action, the defendant will be treated as having appeared at the next term.

3. SERVICE.—The consequences as to service by notice being the same under the statute as service by citation, the effects of a motion to quash the two species of process must be the same as to constructive appearance at the term following.    This held without deciding that an appearance by a non-resident of Texas for the purpose of objecting to the right of a Texas State court to bring him within its jurisdiction by notice served without the State, can so bring him within the jurisdiction of the State as to require him to answer at the succeeding term.

**4.** JURISDICTION.—Where against one of several defendants in a Texas State court, who is a resident citizen of another State, a recovery is sought in which his codefendants have no interest, and such defendant brings himself within the terms of the law entitling him to remove the cause to a United States court, the entire suit involving the rights of all the defendants must be removed.

**5.** SAME.—See opinion for facts under which it was held, after a motion to quash service and dismiss the suit had been made, and the application to transfer the cause to a United States court was made at the succeeding term, that such application was made at the first term, and was in time, within the meaning of the act of March 20, 1875.

APPEAL from Hunt.     Tried below before the Hon. J. A. B. Putman.

*Robertson & Coke* and *Montrose & Grubbs,* for appellants: The statute of Texas providing for service upon non-residents beyond the territorial limits of Texas is not due process of law within the meaning of the fourteenth amendment of the Constitution of the United States, and is void; and service obtained under that statute is void, conferring upon the court no jurisdiction. (Rev. Stat., arts. 1230, 1231; U. S. Const., 14 amendment; Pennoyer v. Neff, 95 U. S., 714; Hart v. Sansom, 110 U. S., 151.)

Defendants did not enter such appearance in the suit as would obviate legal service, until the court ruled they were in court. (Rev. Stats., arts. 1240–1242.)

The court erred in refusing to grant appellant's petition to remove said cause to the Circuit Court of the United States for the northern district of Texas, the said petition being accompanied by proper bond and presenting two sufficient causes of removal, to wit:   First, that there was in said suit a separable controversy between the plaintiff therein and the defendants E. & T. J. Feibleman, involving more than five hundred dollars, and that said plaintiff and said defendants were citizens of different States; and second, that there was involved in said cause a controversy arising under the Constitution of the United States, that is, whether such service as was had upon said E. & T. J. Feibleman was due process of law under the said Constitution, and the amount involved in said controversy exceeded, exclusive of costs, the sum or value of five hundred dollars.   (Acts of Congress, March 3, 1875; Barney v. Latham, 103 U. S., 105.)

The record showed that the petition to remove was presented at the first term at which the case could be tried.   (Acts of Con-

gress, March 3, 1875; Railway Company v. Darne, 122 U. S., 514; Barney v. Latham, 103 U. S., 205; Rev. Stats., art. 1243.)

*Mathews & Neland* and *Perkins, Gilbert & Perkins,* for appellee: Removal to the United States court can be had only at the first term at which the same may be tried, and after answer filed and issue formed. Service was had on E. & T. J. Feibleman June 22 and 23, 1886, return of service amended and filed in court, and conformed with statutory requirements, and answer was filed by said defendants at the same term of court in 1886.

The act does not authorize the Circuit Court of the United States to be resorted to as an appellate court or court of supervisory jurisdiction over the State court. (Bryant v. Rich, 65 Mass., 180; Wetherbee v. Johnson, 14 Mass., 412; Parsons v. Bedford, 3 Peters, 433; Justice v. Murray, 9 Wall., 274.)

WILLIE, CHIEF JUSTICE.   This was an action by the appellee against all the appellants for actual damages for wrongfully suing out an attachment by E. & T. J. Feibleman against appellee, the other appellants being sureties on the attachment bond, and against E. & T. J. Feibleman alone for maliciously sueing out the same writ. The case below resulted in a verdict and judgment for appellee against all the appellants for one hundred and fifty dollars actual damages, and against E. & T. J. Feibleman for four thousand eight hundred and fifty dollars vindictive damages. From this judgment an appeal is prosecuted to this court.

The Feibleman's were non-residents of Texas, and they were served with notice under our Revised Statutes, articles 1230 and 1231, in New Orleans, Louisiana. At the July term, 1886, of the district court, to which term the notice was returnable, the Feibleman's filed a motion to quash the service for defects appearing upon the face of the motion, and in the manner of the service. This motion does not appear to have been acted on, but at request of appellee's counsel, leave to amend the return so as to cure the defects was granted. Subsequently during the same term the Feibleman's moved to dismiss the cause for want of jurisdiction over their persons, claiming that they could not be brought into court by service of such a notice. Afterwards the defendants filed a plea to the jurisdiction based upon the same grounds as their motion to dismiss. To this the plaintiff excepted, and also replied that the defendants were in court by their motion to quash service, by resisting a

motion to amend the return, by their motion to dismiss, and by their answer to the jurisdiction. The exceptions of plaintiff to this answer were sustained, and nothing else appears to have been done with the cause till the next or January term, 1887, of the court. On the fourth of January, 1887, the court overruled the motion to dismiss for want of jurisdiction; and on the seventeenth of that month the appellants applied to have the cause moved to the circuit court of the United States at Dallas. The application shows that there is a controversy between the Feiblemans and the appellee to which the other appellants were neither proper nor necessary parties; and that the Constitutional right of the State to bring a non-resident defendant into court by notice served outside of its limits is brought in question. This application was overruled, and the appellants having excepted the cause proceeded to trial with the result already stated.

Admitting, for the purposes of this case, that the appellants could not be brought into court by service upon them in another State a notice issued from a district court in Texas, yet, if they chose to appear and move to quash the process, they must abide by the usual consequences of such a proceeding. They may object that the notice is defective in form, or that it has been improperly served, or that the court had no right to issue it. All such objections have the same object in view, a defeat of the means by which it sought to bring the defendant into court. They may all be insisted upon, or some may be waived either expressly or by implication. If they urge but a portion of them, the conclusive presumption is that the balance have been abandoned; for it is not the contemplation of law that a writ or its service shall be objected to piecemeal, that the time of the court shall be consumed in successive, dilatory motions when they can all be disposed of at the same time. It is not a question of due order of pleading. The objections are all directed at the same writ, and neither can have any greater effect than to quash it, and there is no reason why one should precede another. In this case, if the court held that the non-resident defendants could not be brought into court by the notice served on them, this did no more than to abate the writ; it did not dismiss the case as to them. The plaintiff could still bring them into court by service of citation within the State, and could amend his petition to show that they were within the reach of such process. We think, therefore, that when the defendants had it within their

power to set up several objections to the process with the view of abating it, and they alleged only a portion of them, they, in effect, abandoned all others, and could not thereafter urge them, no matter what might be their character.

It does not appear from the record what was the fate of this motion to dismiss. It does appear, however, that leave to amend the notice and return to meet the objections raised to them was granted by the court. That all the necessary amendments were actually made is not disclosed. An amended return of service is found it the transcript, marked as if filed previous to making the motion, which obviates the objections to the return; but the defect in the notice seems never to have been amended. If in this condition of the record the case went over to the next term of the court, we think that the Feiblemans must be deemed to have entered an appearance at that term. Our Revised Statutes provide that when a citation or service thereof is quashed on motion of defendant, the case may be continued for the term, but the defendant shall be deemed to have entered his appearance to the succeeding term of the court. (Art. 1243 ) Under this article we have held that, where a motion to quash a defective citation is passed to another term without action on the part of the court, the defendant will be treated as having appeared at the next term after the motion was made. (I. & G. N. Railroad v. Brett, 61 Texas, 483.) Whether, therefore, we are to treat the notice as quashed at the first term of the court, or as passed over without adjudication upon its alleged defect (which seems to be the case made by the record), the objecting parties must be considered as having appeared at the January term, 1887, of the court below, if the statute cited refers as well to service by notice as to service by citation; and we think it does. The law doubtless intended to include every character of process by which a defendant is summoned into court to answer the complaint of a plaintiff.

But whether this be so or not, our Revised Statutes provide that where a defendant has been served with notice he should be required to appear and answer in the same manner and under the same penalties as if he had been personally served with a citation within this State. (Article 1231.) Service by notice is thereby placed upon the same footing as to consequences as is service of citation. Whether the Legislature had the right to do this is not a question in this case, as we have seen, the defendants having waived their personal privilege of objecting to

the validity of the process by confining their motion to other defects. The consequences of service by notice being the same as those of service by citation, the effect of a motion to quash the two species of process must be the same, and the objecting defendants in this case must be treated as being in court for the first time, and compelled to answer at the January term, 1887. We are not to be understood as holding that an appearance by a non-resident for the purpose of objecting to the right of a State court to bring him within its jurisdiction by such a notice is to be construed into an appearance at the next term of the court. That question does not arise in this case, and will not be here determined.

This cause, therefore, did not stand for trial until the January term, 1887, of the court; the Feiblemans were not obliged to plead to the action until that term; nor could the plaintiff demand a trial before that time. At that term, and before the case went to trial, the defendants made an application to remove the cause to the United States circuit court. It clearly appears from the application, as well as from the original petition, that a controversy existed in the suit between the plaintiff, a resident of Texas, and the Feiblemans, residents of Louisiana, to which neither of the other defendants was a necessary or proper party. This controversy was as to the right to recover vindictive damages for alleged malice in suing out the attachment. This could, of course, be determined without the presence of the other defendants, who were merely sureties upon the attachment bond, and not liable for vindictive damages. The Supreme Court of the United States have held that in such a case the entire suit must be removed, and their decision is binding upon us as to this question. (Barney v. Latham, 103 U. S., 205.) And the application having been made at the first term at which the plaintiff had a right to demand a trial, and to compel the Feiblemans to join issue with him on the merits of the cause, we think it was in time within the meaning of the act of Congress of March 30, 1875. It was the first term at which the cause could be tried upon its merits without a waiver of process by Feibleman & Son, and the record does not show that any such waiver was made at the first term. Such waiver was not effected by the motion to dismiss the cause for want of personal jurisdiction over Feibleman & Son, nor by the plea setting up the same grounds of dismissal. The court may have overruled the plea because it held that the defendants had waived the right to put

it in, by moving to quash the notice, or because the objection made was more properly taken by the motion to dismiss then pending.   There is nothing in the record to show that the motion to quash was disposed of, nor that the objection to the notice itself was obviated by amendment.   This objection was good, and pending its consideration the defendants could not be forced to trial upon the merits of the cause.   So far as the record shows, the case went over to the next term with the motion to quash still undetermined and the notice still defective, and with the motion to dismiss also pending.

How it happened to be continued the record does not show. There is a docket entry found in it, to the effect that the cause was continued by the plaintiff, but this was not carried into the minutes, and can not be noticed.   We must presume that the case went over without order, and by operation of law.   At the beginning of the next term it was on the docket with a motion to quash the service pending, and one to dismiss to be passed on after the former was determined.   Feibleman & Son were in court for the first time by reason of their motion to quash, and their appearance having been then entered, their motion to dismiss was properly overruled, and the case was for the first time in a condition to have a trial forced upon the merits, and hence this was the first term at which the application for removal was required to be filed.   We think the court erred in refusing the application to remove the cause, and for this error the judgment will be reversed and the cause remanded to the court below, with directions to enter an order removing the same to the United States circuit court held at Dallas, in accordance with the statutes of the United States in such case made and provided.

*Reversed and remanded.*

Opinion delivered December 13, 1887.