## STRAUSS & LEVY v. S. HERNSHEIM & BROS.

### (No. 2857.)

APPEAL from Dallas County.    Opinion by WHITE, P. J.

*(Transferred from Austin.)*

JOSEPH M. DICKSON, counsel for appellants.

No counsel appeared for appellees.

§ **408.** *Non-resident of the state; jurisdiction of suit against, may be acquired by garnishment; case stated.* Appellants instituted this suit against appellees in justice's court to recover $115 damages for breach of a contract. Appellees were non-residents of this state, residing in the state of Louisiana. At the institution of the suit appellants sued out a writ of garnishment against the firm of Loeb & Freiberg, residents of Dallas county, Texas. Citations issued for appellants to the state of Louisiana, and were served upon them in that state in accordance with the provisions of the statute. [R. S. arts. 1230, 1234.] Loeb & Freiberg, the garnishees, answered the writ of garnishment, acknowledging an indebtedness to appellees in the sum of $191.58. Appellees appeared for the purpose only of pleading to the jurisdiction of the court over their persons, and did so plead, alleging their non-residence in this state. Their plea was overruled, and judgment was rendered against them for the amount sued for and for costs. No disposition appears to have been made of the garnishment proceeding against Loeb & Freiberg. Appellees appealed to the county court, and in that court again presented their plea to the jurisdiction, and their said plea was sustained and the cause was dismissed. *Held:* The validity of the extraterritorial

service of citation, such as was had in this case, has been repeatedly upheld in this state where the action is one *in rem*, bringing the property, effects and credits of the non-resident within the control of the court by attachment or garnishment. [Jones v. Jones, 60 Tex. 451; Trevino v. Trevino, 54 Tex. 261; Fiebleman v. Edmonds, 69 Tex. 334; 2 App. C. C. §§ 101, 295, 304.] Garnishment is a species of attachment, and is a proceeding essentially *in rem*. It brings the effects and credits of the non-resident within the control of the court. See this subject fully discussed in Murphy v. Wallace, *post*. The trial court erred in sustaining appellees' plea to the jurisdiction.

December 5, 1888.      Reversed and remanded.