### SECURITY CO. v. PRATT.

(Circuit Court, D. Connecticut. November 26, 1894.)

#### No. 796.

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—NOMINAL AND REAL PARTIES.

    An administrator with the will annexed, a citizen of Connecticut, filed a bill in the state court for the construction of the will, against two beneficiaries, citizens, respectively, of Connecticut and New York,—the former claiming that certain personal property, bequeathed to her for life, with power of sale and appropriation of proceeds, should be delivered to her as her own; and the latter claiming that such life beneficiary should give bonds. under a statute of Connecticut, for the safekeeping of such property. *Held,* that the cause was not removable, the administrator being, under the law of Connecticut, not a nominal, but a real, party in interest, and one of the defendants being a citizen of the same state.

2. SAME—SEPARABLE CONTROVERSY.

    There was no separable controversy, in the sense of the statute (Act Cong. Aug. 13, 1888), between the New York beneficiary and either the administrator or the Connecticut beneficiary.

This was a suit by the Security Company, as administrator de bonis non with the will annexed of Nancie Wells Hall, against Mary Ann Pratt, and Josiah J. White, as administrator of the estate of Eliza T. White, for the construction of the will of Nancie W. Hall. The suit was brought in a court of the state of Connecticut, and was removed by defendant J. J. White to this court. Complainant moves to remand to the state court.

    Chas. E. Gross, for orator.

    Roger Foster, for defendant White.

    J. Halsey, for defendant Pratt.

WHEELER, District Judge. The orator, a corporation of Connecticut, is administrator de bonis non in that state of the estate of Nancie Wells Hall, with her will annexed, by which she gave the use, income, and improvement of real and personal estate to Mary Ann Pratt, a citizen of Connecticut, her sister, during life, with

power of sale and conveyance, and of appropriation of avails of sale to her own use, with remainder over to her niece, Eliza Trowbridge White, wife of Josiah J. White, a citizen of New York, of whose estate he is now administrator, and her heirs, forever, of one of whom he is now guardian. The statutes of Connecticut provide that when a life estate in personalty is given by will with remainder over without a trustee, the probate court may order the executor to deliver the estate to the holder for life upon the giving of a proper bond for its safe-keeping and delivery to the reversioner. Gen. St. p. 138, § 559. Mary Ann Pratt has demanded the estate as her own, without giving bond. This bill was brought in the state court for a construction of these provisions of the will. The defendant White filed a petition and bond, which was approved in the state court, for the removal of the cause to this court, and entered it here. It has now been heard on a motion to remand. If the suit is of such nature as to be removable at all, it could not be removed under the acts of congress now in force, unless all the parties in interest on one side of it, or of some separable controversy in it, are citizens of one state, and those on the other side are citizens of another state. 25 Stat. 433. As a suit in the interest of the orator against the defendants, it is not removable, because one of the defendants (Mary Ann Pratt) is a citizen of the same state (Connecticut) with the orator. The suit to get a construction of the will in advance for the safety of the administrator seems to be one which, in the jurisprudence of the state, no one but the administrator can maintain. Belfield v. Booth, 63 Conn. 309, 27 Atl. 585. The relief sought is this advance construction, without more, for the benefit of the orator as a real party, in its own interest, and not as a merely nominal party without interest, as has been argued. Without the orator as a real party, nothing would remain of the suit. A separable controversy in a cause, about which parties may be arranged, within the meaning of this statute, must be something more than a mere collateral or incidental dispute or question of fact or of law, and amount to a substantial controversy in respect to relief sought, which can be granted or denied, according to the rights of the parties as they may be ascertained. Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726. The defendant White is not on one side, with the orator and the defendant Pratt, or either of them, on the other, of any such controversy in this cause. He could not maintain any such suit as this, brought by himself against them, or either of them, for such relief, and this suit includes no such controversy that he can maintain. Upon these considerations the suit does not appear to have been, in whole or in any part, removable. Motion granted.