CAMPBELL et al. v. MILLIKEN et al.

(Circuit Court, D. Colorado. November 29, 1902.)

No. 370.

**1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—SUIT BY STOCKHOLDERS.**

In a suit against a corporation and certain of its officers, brought by stockholders on an allegation that the corporation is under the control of such officers, the purpose of which is to require the individual defendants to account to the corporation for funds alleged to have been appropriated by them to their own use, and to prevent the holding of a meeting, called by them, for the purpose of having the property of the company conveyed to another corporation, there is no controversy between the complainants and the company which entitles the latter to remove the cause from a state court on the ground that it is a nonresident and that there is a separable controversy, although incidental relief by way of an injunction and the appointment of a receiver may be prayed for against it, such relief not being asked adversely to the corporation, but in its interest, and the only real controversy being between complainants and the individual defendants.

On Application to File Transcript on Removal after Denial of Application by State Court.

Charles T. Potter, for complainants.

Tyson S. Dines and John M. Waldron, for respondents.

HALLETT, District Judge (orally). In this case application was made on yesterday to file a transcript of the record upon removal of the cause from the district court of Teller county. I have reached the conclusion that the application must be denied. The bill is by stockholders to enforce demands against two of the officers of the Golden Cycle Mining Company. Various charges are made of misconduct on the part of the natural persons, defendants in the bill, Milliken and Hill, that they have taken funds of the corporation, and applied them to their own use. The purpose of the bill is to have these defendants account to the corporation for moneys so taken. In addition to this, it is charged that these natural persons have called a meeting of the corporation to be held on Monday next, and the purpose is at that meeting to cause the property of the company to be conveyed to a new company organized in the territory of Arizona. And for the purpose of preventing the accomplishment of any such purpose as that, and the further diversion of funds of the corporation to their own use, the bill asks that they may be enjoined from holding the meeting, and from conveying the property, and also asks that a receiver may be appointed. This relief is asked as to the Golden Cycle Mining Company as well as to the individual defendants. What is asked in respect to the Golden Cycle Mining Company is not in the way of ultimate relief. There is no final decree sought in respect to that company as a measure of general relief, and there could not be in a suit of this kind, unless it were a dissolution of the corporation; and that is not sought. This is a suit, in effect, by the corporation against its officers. Be-

¶ 1. Separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Mineral Co., 35 C. C. A. 155.

cause the corporation is under the control of the officers, as alleged, the suit is brought by stockholders in behalf of the corporation. So that, as to the relief sought the suit is not adverse to the Golden Cycle Mining Company, and there is no issue, except in a mere formal and technical sense, between the Golden Cycle Mining Company and the complainants in the suit. The issue is between complainant and the officers, Hill and Milliken, and the relief is sought against them. So that, instead of there being a separate controversy between the complainants and the Golden Cycle Mining Company, there is in fact no controversy whatever in any respect between that company and the complainants. The controversy is between Hill and Milliken, officers of the Golden Cycle Mining Company, and the complainants. It was said in argument that this might be true if Hill and Milliken were sued only as individuals, and not as officers of the company. But I do not suppose that a court, when it comes to administer final relief in an action of this kind, will consider whether the natural persons are in court as officers or as individuals, one or both. However they may be in court, if they are there in their own proper persons, the court may give such relief as the facts of the case demand.

It seems to me that the petition for removal was rightly denied in the district court, and it will be denied here.