**BOEHNE v. SOUTHWESTERN BELL TELEPHONE CO. et al.**

No. 1391.

District Court, W. D. Texas, Austin Division.

May 2, 1935.

Emmett Shelton, Polk Shelton, and Everett L. Looney, all of Austin, Tex., for plaintiff.

R. L. Batts, of Austin, Tex., and Nelson Phillips, and C. M. Means, both of Dallas, Tex., for defendants.

**McMILLAN, District Judge.**

The matter at issue here arises on a motion to remand. Plaintiff, Boehne, sues the telephone company, and its employee, Powell, for damages growing out of personal injuries, which he claims to have sustained by reason of a collision between an automobile owned by the defendant telephone company, and driven by the defendant Powell, and an automobile in which plaintiff was riding.

In addition to the customary allegations of negligence in the operation of the defendant telephone company's car, the plaintiff alleges certain matters of gross negligence. He asks for $8,546.20 actual damages and $10,000 exemplary damages. As to each character of damages, he alleges joint and several liability and asks for joint and several recovery.

In so far as the prayer for actual damages is concerned, the liability of the defendant telephone company is predicated entirely upon the doctrine of respondeat superior, there being no other negligence claimed than that of its employee, Powell, who, it is alleged, was operating the car within the scope of his employment at the time of the injury. So far as the prayer for exemplary damages is concerned, the suit proceeds against Powell on the theory of his own gross negligence and against the telephone company on the combined theory of Powell's gross negligence and the action of the company in retaining him in its employment with knowledge of the fact that he was a dangerous and reckless driver, who had before had numerous collisions of a similar character. The case was originally filed in the state court in Travis county, and was in due time removed to this court by the defendant telephone company on the theory of separable controversy, there being diversity of citizenship and the requisite amount involved.

Defendant telephone company's theory of separable controversy lies in the assertion that in so far as exemplary or punitive damages are claimed against it, there is and can be no joint liability as against it and its employee; that the cause of action for exemplary damages rests as against the two defendants on an entirely different state of facts, and that the presence of its codefendant, Powell, is not necessary to an adjudication of the cause of action in so far as it relates to exemplary damages as between it, the telephone company, and the plaintiff. To a limited extent this is, of course, true. The facts which would warrant the imposition of punitive damages against Powell would not of themselves alone sus-

tain such damages against his employer. Plaintiff, apprehending this fact, charged as additional ground against the employer its negligence in retaining Powell as its employee after notice. However, on the other hand, it is, of course, necessary not only to show as against the telephone company such retention of Powell in its employ, but Powell's gross negligence in the premises, so to that extent the facts giving rise to the cause of action for exemplary damages against the telephone company are combined with those constituting the cause of action against Powell. However, in the view that the court takes of this matter, that phase of it is not essential to a determination of the motion.

■ In so far as the suit is for actual damages, there is no doubt that under the decisions of both the Texas and federal courts, the cause of action is joint, and this is true despite the fact that the liability asserted against the master grows solely out of that relationship. Alabama Great Southern R. R. v. Thompson, 200 U. S. 206, 212, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Cincinnati, N. O. & Tex. Pac. R. Co. v. Bohon, 200 U. S. 221, 26 S. Ct. 166, 50 L. Ed. 448, 4 Ann. Cas. 1152; Southern Railway Co. v. Miller, 217 U. S. 209, 30 S. Ct. 450, 54 L. Ed. 732; Illinois Central R. Co. v. Sheegog, 215 U. S. 308, 30 S. Ct. 101, 54 L. Ed. 208; Lake et al. v. Texas News Co. et al. (D. C.) 51 F.(2d) 862, 863; Carmichael Co. v. Miller (Tex. Civ. App.) 178 S. W. 976.

It is not the court's understanding that the defendant telephone company seriously contends the contrary, though some reference in its brief is made to the case of Henderlong v. Standard Oil Co. (D. C.) 17 F. (2d) 184. This case is entirely out of line with the great weight of federal authority, as is clearly shown by Judge Hutcheson's decision in the Lake Case, supra.

■ The cause of action as to actual damages being joint, the plaintiff has the right to sue jointly, and his motive in doing so is, in the absence of fraud, immaterial. Cyclopedia of Federal Procedure, vol. 1, § 230, p. 971.

■ Accordingly, if there be a separable controversy existing in this case which warrants its removal, that controversy must arise out of plaintiff's claim for exemplary damages against the nonresident defendant. Plaintiff alleges joint liability for exemplary damages, but this the removing defendant denies. While ordinarily the court is bound on removal matters by the allegations of the plaintiff's petition, it is only bound by the facts well pleaded, and not by conclusions of law. The court entertains very grave doubt as to there being any joint liability for exemplary damages. The ultimate facts which would render the master liable in a case of this kind for exemplary damages could not constitute concurrent negligence with that of the employee. Certainly the negligence of the master in retaining the employee in its service, after notice, could not be concurrent in any sense of the word with the active negligence of the employee.

■ The matter accordingly must hinge upon the answer to the question whether the claim for exemplary damages against the telephone company constitutes a separable controversy of that character contemplated by the Removal Statute (Jud. Code, § 28, 28 USCA § 71). The word "controversy," as used in this connection, usually means something less than the whole suit. It contemplates a cause of action included within the suit, which can be separated and disentangled therefrom. Such controversy is involved within the purview of the statute whenever any property or claim of the parties capable of pecuniary estimation is the subject of the litigation, and is presented by the pleadings for judicial determination. Harrison v. Harrison (D. C.) 5 F.(2d) 1001.

■ However, there must arise in the case a separate and distinct cause of action on which a separate and distinct suit might properly have been brought and complete relief afforded as to such cause of action with all the parties on one side of a controversy citizens of different states from those on the other. The suit must be one capable of separation into parts, so that in one of the parts a controversy will be presented which can be fully decided without the necessity for the presence of other parties. Hyde v. Ruble, 104 U. S. 407, 26 L. Ed. 823; Fraser v. Jennison, 106 U. S. 191, 1 S. Ct. 171, 27 L. Ed. 131; Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 S. Ct. 807, 47 L. Ed. 1122; City of St. Anthony v. Mason (D. C.) 22 F.(2d) 306; Niccum v. Northern Assur. Co. (D. C.) 17 F.(2d) 160; Moloney v. Cressler (C. C. A.) 210 F. 104; Cyclopedia of Federal Procedure, vol. 1, § 225, p. 955.

The separable controversy relied on must be one upon which a separate suit might have been brought. Harrison v. Har-

rison (D. C.) 5 F.(2d) 1001; Fraser v. Jennison, 106 U. S. 191, 1 S. Ct. 171, 27 L. Ed. 131; Cyclopedia of Federal Procedure, vol. 1, § 225, p. 955.

It must be more than a mere collateral or incidental dispute. Torrence v. Shedd, 144 U. S. 527, 12 S. Ct. 726, 36 L. Ed. 528; City of Bellaire v. Baltimore & Ohio R. Co., 146 U. S. 117, 13 S. Ct. 16, 36 L. Ed. 910; Shainwald v. Lewis, 108 U. S. 158, 2 S. Ct. 385, 27 L. Ed. 691; Winchell v. Coney (C. C.) 27 F. 482; Security Co. v. Pratt (C. C.) 64 F. 405.

█ Where the relief asked against one of the defendants is merely an incident to the main case, the fact that such incidental relief relates only to one defendant does not accord to him the right of removal. Fidelity Insurance Co. v. Huntington, 117 U. S. 280, 6 S. Ct. 733, 29 L. Ed. 898; Campbell et al. v. Milliken et al. (C. C.) 119 F. 981.

█ Having these general principles in mind, it becomes necessary to inquire into what character of controversy is presented by the plaintiff's claim against the defendant telephone company for exemplary damages. It is settled in Texas beyond further opportunity for dispute that exemplary damages may not be recovered in the absence of actual damages. Girard v. Moore, 86 Tex. 675, 26 S. W. 945; Jones v. Matthews, 75 Tex. 1, 12 S. W. 823; Gulf, Colorado & Santa Fe R. R. v. Levy, 59 Tex. 563, 46 Am. Rep. 278; Flanagan v. Womack, 54 Tex. 45.

Dozens of additional authorities might be multiplied to show the application of this rule in Texas. In some states it has been held that the recovery of nominal damages satisfies the requirements, and exemplary damages may be added thereto. This liberalization of the rule has been denied in Texas. Girard v. Moore, supra; Flanagan v. Womack, supra; Lacy v. Gentry (Tex. Civ. App.) 56 S. W. 949.

█ Accordingly, it is manifest that plaintiff's demand for exemplary damages in this case is hinged upon his demand for actual damages. Without a showing of actual damages, clearly no suit for exemplary damages can proceed. Therefore, how can it be said that the demand for punitive damages here presents such a controversy as may be carved out of the main suit, disentangled therefrom, and proceeded with as an entirely separate and distinct cause of action. Had plaintiff attempted to sue the defendant telephone company for exemplary damages alone, his petition under the Texas au-

thorities would have been bad on general demurrer. The demand for exemplary damages must be attached to one for actual damages, and to divorce the two necessarily causes the one for exemplary damages to abate. It is obvious that the demand for exemplary damages is collateral and incidental to the demand for actual damages. Accordingly, we find this incidental demand irretrievably tied to the suit for actual damages, which is unquestionably joint.

In arriving at these conclusions, the court is not unmindful of the case of Feibleman v. Edmonds, 69 Tex. 334, 6 S. W. 417 or Adderson v. Southern R. Co. (C. C.) 177 F. 571. Upon first consideration the court was inclined to hold that these cases governed the matter, and to overrule the motion to remand. Further consideration convinces the court of the error in that preliminary conclusion. The decision in the Adderson Case, in so far as it is in conflict with the views here expressed, was based upon the law of Georgia, was delivered by a district judge without consideration of the authorities here examined, and the court does not feel itself bound thereby. In the Feibleman Case there was no joint recovery asked for punitive damages, but, waiving that question, it will be immediately noted that the decision was rendered without reference to the many federal authorities hereinbefore referred to, and without consideration of the fact that exemplary damages can only be recovered as an incident to actual damages. The case is an old one, and necessarily many of the authorities hereinbefore cited could not have been considered, as it antedates them by many years.

The court is content to rest its decision here upon the proposition that the cause of action for exemplary damages is not such a separable controversy as will support the bringing and maintaining of a separate and distinct suit, nor can it be separated and disentangled from the main suit, as required by the cases hereinbefore noted.

However, viewing the matter from a still broader standpoint, it is obvious that while different grounds of liability may be asserted, and while different defenses may be available to the parties, the entire controversy here has its foundation upon one matter, namely, the negligent collision alleged, together with the resulting personal injury. In this connection, Judge Hutcheson in the Lake Case, supra, had this to say: "I have long believed that it was meant to hold broadly, and that it was held in the Thomp-

son and Bohon Cases and those which followed, that where the matters in controversy in a suit are by the practice in the state where the suit is filed regarded as suable in one action, because relating to the same transaction or subject-matter, and therefore presenting one primary controversy between the parties to it, such suit does not present a separable controversy as to any of them, though at common law the causes of action would have been severable and not joint. 1 C. J. pp. 1073, 1074, p. 1082, § 239 et seq.; First Baptist Church v. So. Mortgage Co. (D. C.) 39 F.(2d) 246; Pabst v. Roxana Petroleum Co. (D. C.) 30 F.(2d) 953."

The motion to remand will be granted.